[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14030
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 20, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-01717-CV-HS-E

CHANDRA Y. SCOTT,

Plaintiff-Appellant,

versus

HONDA MANUFACTURING OF ALABAMA, LLC.,
an Alabama corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 20, 2008)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Chandra Y. Scott appeals the district court's grant of summary judgment to her former employer, Honda Manufacturing of Alabama, LLC (Honda), in her lawsuit claiming wrongful interference and retaliation under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* Scott asserts: (1) she demonstrated a qualifying event under the FMLA by alleging her mother suffered from a serious health condition, (2) she presented a *prima facie* case of retaliation, and (3) Honda's reason for firing her was pretextual.

After reviewing the parties' briefs and the record, we agree with the district court that Scott did not produce sufficient evidence to establish her mother was suffering from a serious health condition as defined by 29 C.F.R. § 825.114(a)(1) or (a)(2)(i). In Scott's opposition to Honda's motion for summary judgment, however, she asserted her mother's condition met the requirements of 29 C.F.R. § 825.114(a)(2)(iii), regarding a period of incapacity or treatment for such incapacity due to a chronic serious health condition. The district court did not analyze Scott's claim under 29 C.F.R. § 825.114(a)(2)(iii). Under this subsection, a:

> "serious health condition" entitling an employee to FMLA leave means an illness, injury, impairment, or physical or mental condition that involves . . . Any period of incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which:

(A) Requires periodic visits for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider;

(B) Continues over an extended period of time (including recurring episodes of a single underlying condition); and

(C) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).

Scott presented no evidence to the district court that her mother's condition required periodic visits for treatment by a health care provider or continued over an extended period of time; thus, Scott also did not produce sufficient evidence that her mother was suffering from a serious health condition as defined by 29 C.F.R. § 825.114(a)(2)(iii). The findings of fact noted that Scott's mother underwent stress and other testing after experiencing shortness of breath in September 2005. Her only other appointment was the heart catheterization procedure on October 25, 2005, and "her mother fully recovered within 48 hours of the procedure and returned to work with no restrictions." The district court further noted that, "Scott's mother did not follow up with her doctor after the [heart catheterization] procedure." Although "[o]rdinarily we would remand to the district court to make this determination in the first instance," in this case, "[w]e believe . . . that there is no other possible conclusion that can be drawn from the

3

district court's findings of fact." *See CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 450 F.3d 505, 525 (11th Cir. 2006).

Because we conclude Scott failed to produce sufficient evidence that her mother was suffering from a serious health condition, we also agree with the district court's conclusion that Scott did not present evidence sufficient to state a *prima facie* case of retaliation. *See Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001) (noting the first step in stating a *prima facie* case of FMLA retaliation is alleging that the plaintiff engaged in a statutorily protected activity). Additionally, we agree with the district court that Scott failed to show Honda's reason for terminating her employment was pretextual.

Thus, we affirm the district court's grant of summary judgment to Honda for the above-stated reasons, as well as the reasons stated in the district court's well-reasoned opinion of July 30, 2007.

**AFFIRMED.**